JACOB C. WEBBER, APPELLANT, V. L. H. INGERSOLL, EXECUTOR, ET AL., APPELLEES.

FILED SEPTEMBER 20, 1905.     No. 13,945.

1. **Appeal: ELECTION: REVIEW.** Upon an appeal to this court for a trial *de novo* of the issues tried in the district court, an error of that court in compelling the appellant plaintiff to elect upon which of two causes of action set forth in his petition he would proceed cannot be corrected.

2. **Pleading.** An answer setting up the statute of limitations is not a technical plea of confession and avoidance; whether an answer of a supposed estoppel is so or not depends upon the nature of the matter alleged in the plea.

3. **Evidence** examined, and found to uphold the judgment of the district court.

APPEAL from the district court for Clay county: ED L. ADAMS, JUDGE. *Affirmed.*

*T. H. Matters,* for appellant.

*Boslaugh & Moore* and *Charles H. Sloan,* contra.

AMES, C.

This action was formerly before this court and disposed of by an opinion by Mr. Commissioner DAY, reported in 3 Neb. (Unof.) 534. The suit was begun to

quiet title to a quarter section of land in the possession of the plaintiff against what he alleged to be a cloud thereon, consisting of a deed purporting to convey the same and executed by John M. Ragan to one John M. Elder, deceased, an ancestor of the defendants. The answer put in issue the title of the plaintiff and alleged that Ragan, at and before the conveyance by him of the land to Elder, was the owner of the same by purchase and conveyance for a valuable consideration from the plaintiff, and that the former mentioned conveyance was also for a valuable consideration and obtained in good faith. The reply alleged that the conveyance by the plaintiff to Ragan was upon certain express and implied trusts of which the ancestor of the defendants had full knowledge at and before the time he obtained his conveyance, and which he became bound to observe and carry out, and from and by means of which and of attending circumstances the grantee became, by result or operation of law, a trustee of the title for the plaintiff. From a judgment in favor of the plaintiff, error was prosecuted to this court, where it was held that the new matter pleaded in the reply was a departure from the cause of action set out in the petition, which, upon timely objection in the trial court, should have been stricken therefrom, but that failure to make such objection and the trial of the action upon the issue thus tendered amounted to a waiver thereof and entitled the matter thus pleaded to be treated as though it had been properly incorporated into the petition, but the judgment was reversed for insufficiency of the evidence for its support.

After the cause was remanded, the plaintiff by leave of court filed an amended petition, setting forth with greater amplitude the cause of action pleaded in the former reply, and for a second cause of action pleading that he had been in adverse possession of the premises in dispute for more than ten years immediately preceding the beginning of the suit. A motion to compel the plaintiff to elect upon which of the two causes of action, claimed to be mutually

inconsistent, he would proceed, was sustained by the court, and the plaintiff chose the first of them. The answer is a general denial, supplemented by the defense of the statute of limitations, and a plea that the plaintiff is estopped from litigating the cause of action upon which he elected to proceed by the fact that it is, as has been adjudged by this court, a departure from the cause of action contained in the original petition. The allegations of the answer were put in issue by a reply, and the action proceeded to a trial, resulting in a judgment for the defendants, from which the plaintiff prosecutes this appeal.

Appellant in his brief relies upon three propositions which are propounded by him in his own language as follows: (1) "The court erred in compelling the plaintiff to elect." (2) "The plaintiff is entitled to judgment on the pleadings." (3) "That plaintiff is entitled to judgment on the evidence."

As to the first of these propositions, counsel for appellees object, we think rightfully, that it could have been properly presented only by a petition in error. This court cannot, upon an appeal bringing a cause here for a trial *de novo,* reform the pleadings by introducing issues not tried in the district court, the trial of which would or might require the examination of evidence which neither party was called upon to produce or could have successfully offered in the court below. It is not a solution of the difficulty for the appellant to say, as he does say, that there is enough evidence in the record to maintain the issue of adverse possession in his behalf. Although that assertion be true, appellees were not bound, and might not have been permitted, to introduce evidence in rebuttal, and the only means of correcting the error, if it be one, is a reversal and a new trial, an object which, under the law as it existed when this appeal was taken, was not the office of an appeal to accomplish.

The second proposition is founded upon the contention that the defenses of the statute of limitations and of estoppel are both of them technical pleas of confession and

avoidance, and that, neither of them being sufficient in this case, the allegations of the petition stand confessed without defense and entitle the plaintiff to judgment. But counsel seems in this respect to be afflicted with some confusion of thought. If an answer setting forth the statute of limitations or an estoppel amounted simply to a confession as a pleading, so that the plaintiff would be entitled to a judgment on motion without a reply or evidence, neither defense would ever be available. If either of them is insufficient in this case, it is because of a failure of proof in its support as might be the case with respect to any other issue. Counsel cites no authority for holding that a plea of the statute of limitations is a confession of the alleged cause of action to which it is interposed, and we are quite sure that it has not been hitherto so regarded by the courts or profession in this state. In effect, if not in form, the plea is that the plaintiff ought not to have or maintain his suit, because the facts out of which a cause therefor is alleged to have accrued are not averred to have taken place or did not in fact occur, if at all, within the period of limitation before the action begun. This plea is quite consistent with the contention that they did not take place at all, and the two issues may be, and usually are, tried as one. If the plaintiff fails to prove the existence of the requisite facts, he, of course, fails to recover; but if he proves them, and it appears that their occurrence was too remote in time, he also fails. As to estoppels, there are several varieties of them. An estoppel, for instance, may consist of a waiver by which the plaintiff has forgone or abandoned a previously subsisting and valid cause of action; and a plea of such an estoppel of necessity confesses the existence of the facts, the effect of which, it is alleged, was afterwards waived. But there are other estoppels which arise out of the very transaction and circumstances upon which the plaintiff relies as affording him a ground of recovery, and a plea of such an estoppel, so far from confessing and seeking to avoid, amounts to a practical denial of the plaintiff's cause of

action. And there is still another kind, in which it is averred that the conduct of the plaintiff since the alleged accrual of his supposed cause of action has been such as to lead the defendant to believe that it did not exist or would not be asserted, and that the latter has conducted his affairs accordingly, and that therefore whether the plaintiff has a good cause of action arising out of the facts alleged by him or whether he has not is immaterial, because he ought not in good conscience to be permitted to assert it. It is of such a plea that it is correctly said in Stephens, Pleading (2d ed.), sec. 166, that it "is neither by way of traverse nor confession and avoidance, viz., a pleading that, waiving any question on the fact, relies merely on the estoppel; and, after stating the previous act, allegation or denial of the opposite party, prays judgment if he *shall be received or admitted* to aver contrary to what he before did or said." In this last case, if the matter alleged in estoppel is sustained by sufficient proof, there is no occasion to inquire whether the averments of the plaintiff are true or false, but if the defendant fails in his proof, the plaintiff must still establish the truth of his averments, unless it is admitted otherwise by the plea of estoppel. Now, the estoppel pleaded by the appellees in this case is analogous to, if not strictly of, the last mentioned kind, and prays the judgment of the court whether the plaintiff ought to be "received or admitted," in the language of Mr. Stephens, to "aver" or assert the cause of action alleged in his amended petition, after having previously set up and litigated a different and inconsistent cause of action in his original petition. For the purposes of this discussion it may be assumed, but is not decided, that the matter thus pleaded, and admittedly true, is ineffectual as an estoppel, because the former trial was actually of the same issue, tendered in the former reply.

We thus arrive at a consideration of appellant's third proposition, which is that he is entitled to a judgment on the evidence. The evidence establishes, as we think without serious conflict, that the plaintiff was the owner of

the land in controversy, subject to a mortgage thereon, upon which there had been a decree of foreclosure and sale in the federal court, and that a marshal's sale pursuant to the decree had been had, but not confirmed; that Ragan bought the title and received a conveyance from the plaintiff for a valuable consideration for his own use and benefit, and unaffected by any trust, express or implied, and not under circumstances from which a trust would result by operation of law, but intending to make a profit by its subsequent sale at a larger price; that after he obtained his title he redeemed the land from the marshal's sale before confirmation and with his own funds; that afterwards Ragan sold and conveyed the premises to the ancestor of the defendants for an actual and adequate consideration, who paid for the same, in part with funds previously belonging to him, and in part with proceeds of a loan secured by a mortgage executed upon the same and other lands, and that there was no agreement, express or implied, that the grantee should hold the lands in trust for the plaintiff, or as security for the purchase money, or any part of it, paid to Ragan. This version of the transaction is testified to by Ragan, who is a disinterested witness, without equivocation, and is corroborated by that of both the defendants. It is not directly or pointedly disputed either by the plaintiff or by any witness in his behalf, and the nature of his occupancy of the premises since that time is consistent with the testimony of the defendants, who are his nephews, that it was with their permission and as a means of providing him with a livelihood in his declining years. Without reciting the evidence, which we have examined with care, in further detail, it may suffice to say that we are satisfied that it fully supports the judgment of the district court, which we recommend be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be

AFFIRMED.