Syllabus.

## PHILOMENA SILVERHORN, ADMINISTRATRIX OF THE ESTATE OF ALEXANDER McLAIN, DECEASED, *v.* PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, A CORPORATION.

### No. 1056.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. S. B. KEMP, JUDGE.

ARGUED MAY 15, 17, 1918.                    DECIDED JUNE 6, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE HEEN
IN PLACE OF KEMP, J., DISQUALIFIED.

CORPORATIONS—*estoppel—waiver*.

Where the defendant corporation by representations and promises induced plaintiff to forego her right to bring an action on a life insurance policy within one year after the death of the insured, as provided in the policy, and the company waived its right to require the payment of the premiums, and the plaintiff did, pursuant to defendant's representations and promises, refrain from bringing suit against the defendant within the time prescribed in the policy, the plaintiff thereby rendered her *quid pro quo* and defendant is estopped from requiring a compliance with said provisions in the policy.

SAME—*same—same*.

The rule is that corporations have power to waive their legal rights and are bound by waiver and estoppel like natural persons. They can claim no exemption from the operation of those rules or maxims which are established to enforce good faith and fair dealing among individuals.

SAME—*same—same—pleading*.

The corporation defendant having authority to make the contract of insurance in the first instance it follows that it was equally clothed with authority to waive any of the terms of the contract inserted for its protection and thereby estop itself. Where it is alleged that the company waived certain of the clauses or conditions in the policy it is proper to presume that in so doing the

officers of the company, in the management of its affairs, possessing authority to act, complied with all of the conditions necessary to the exercise of the power of waiver.

OPINION OF THE COURT BY COKE, C. J.

The plaintiff, appellant, is the administratrix of the estate, and was the wife, of Alexander McLain, deceased. The defendant, appellee, is a corporation organized under the laws of the State of California, represented in this Territory by the Henry Waterhouse Trust Company, Limited, a Hawaiian corporation, its agent. The plaintiff on November 24, 1915, instituted an action in assumpsit against the defendant upon a life insurance policy issued by defendant to said deceased on the 15th day of May, 1903. The policy is attached to and made a part of the complaint. Plaintiff's first complaint was demurred to by the defendant, the demurrer being sustained by the court below and again sustained by this court. See *Silverhorn* v. *Insurance Co.*, 23 Haw. 160. The plaintiff thereafter filed an amended complaint to which defendant interposed a demurrer which was by the court sustained. A second amended complaint was filed and a demurrer thereto was also sustained. The plaintiff comes to this court on a bill of exceptions, the single exception being to the ruling of the court sustaining defendant's demurrer to plaintiff's second amended complaint.

It is alleged in the amended complaint now before us that in the month of May or June, 1907, the said Alexander McLain was employed as a fireman on the steamer Raineer then lying at the port of San Francisco; that the said McLain disappeared and that it was reported that he had met accidental death by drowning in San Francisco bay; that coincidental with his disappearance a dead body resembling McLain in stature and physique, but owing to the action of the sea water and the exposure of the body

the features of which were unrecognizable, was found floating in the waters of San Francisco bay; "that in the month of July, 1907, plaintiff, believing the said Alexander McLain to be dead, tendered to defendant said policy of insurance and applied for forms of proof of death and at the same time tendered to defendant the evidence above set out as proof of death of the said Alexander McLain, but defendant refused and neglected to supply plaintiff with forms on which to make proof of death and informed plaintiff that it, defendant, would make inquiries concerning the death of said Alexander McLain and satisfy itself thereon; shortly afterward and to wit during the month of November, 1907, defendant informed plaintiff that it was not satisfied that said Alexander McLain was dead and induced plaintiff to waive her then rights under said policy of insurance and in consideration of her doing so defendant agreed to waive payment of premiums under said policy by plaintiff and to pay to plaintiff the loss under said policy, namely, $1000, if she, the said plaintiff, would wait for a period of seven years from the date thereof and if the said Alexander McLain was absent from his home without having been heard of during the whole of that time; plaintiff accepted defendant's offer set out in the last preceding paragraph; that the said Alexander McLain was absent from his home without being heard of for a period of more than seven years from the month of May, 1907, down to and including the commencement of this action, and plaintiff believes and is informed and on such information and belief alleges that said Alexander McLain died in the month of May, 1907; on the 8th day of July, 1914, plaintiff being induced by the agreement entered into between herself and defendant, more particularly set out in paragraph 9 hereof, by negotiations, interviews and correspondence with defendant, went to the trouble and incurred the expense of petitioning a judge of

the circuit court of the first judicial circuit of the Territory of Hawaii, presiding at chambers in probate, and was appointed administratrix of the estate of said Alexander McLain, and thereafter, and on to wit, the 15th day of August, 1914, plaintiff qualified as such administratrix and letters of administration were issued by the said judge out of and under the seal of the said first circuit court to the said plaintiff, and plaintiff ever since has been and now is the duly appointed, qualified and acting administratrix of the estate of said Alexander McLain; in the month of November, 1914, plaintiff made and delivered to defendant, on forms supplied and prescribed by defendant, proof of death of said Alexander McLain accompanied by certified copy of said letters of administration; defendant received and examined the forms of proof of death but refused to approve the same, and contrary to the agreement set out in paragraph 9 hereof, refused to pay the loss under said policy to the plaintiff."

The amended complaint contains further allegations which in substance aver that by reason of the agreement above set forth the defendant is estopped from relying on the provision in said policy to the effect that action should be commenced within one year from the month of May, 1907, being the date of the alleged death of Alexander McLain, and further that defendant has waived the terms of said policy and its rights at law in that regard. Plaintiff further avers that the defendant waived the payment of premiums to accrue subsequent to the date of said agreement and plaintiff prays for judgment against the defendant for the sum of one thousand dollars, with interest, etc.

A second cause of action is contained in the complaint which appears to be based upon the theory that by the terms and conditions of the policy the same had a cash surrender value and that plaintiff was entitled to recover the amount

of the cash value. The complaint contains a third cause of action which alleges in effect that plaintiff is entitled to a paid-up policy of insurance in an amount to be ascertained.

The second cause of action was disallowed by this court in *Silverhorn* v. *Insurance Co., supra,* which opinion we approve, and the third cause of action we consider equally without merit and we hold that the demurrer to both the second and third causes of action, as contained in plaintiff's complaint, was properly sustained. We are then left to deal solely with the first cause of action.

By reference to the record it will be readily seen that the case is now before us on allegations differing materially from those contained in the original complaint which were passed upon by this court in *Silverhorn* v. *Insurance Co., supra.* The allegations of the amended complaint must for the purpose of this opinion be taken as confessed. It is urged by the plaintiff that the defendant having in November, 1907, induced plaintiff to forego her then rights under the policy and to wait for a period of seven years under defendant's promise that if during that period McLain was not heard of the insurance would be paid, and the further representation of the defendant, made at that time, that during said period defendant would not require the payment of any premiums which might become due under the policy, constituted a waiver of the right of the defendant to require that the action should be commenced within one year of the date of the death of the insured and that plaintiff is estopped from pleading said clause in the policy as a bar to the action. And for the same reason plaintiff contends that the defendant has waived its right to require the payment of the premiums and is estopped from claiming a forfeiture of the policy by reason of the nonpayment thereof under the clause in the policy which provides that the policy shall lapse and be void if any premium is not

paid as therein provided. The policy provides: "Only the president or a vice-president together with the secretary or assistant secretary have power in behalf of the company to issue permits to make or modify this or any contract, or to extend the time for paying any premium, and the company shall not be bound by any promise or representation heretofore or hereafter given by any persons other than the above named, conjointly as stated, nor unless such permits, modifications or extensions are in writing." Under this provision it would appear that modifications or extensions of time for payment of premiums might be made by some other agency, so long as that agency had a permit to act from the officers mentioned.

It is vigorously urged by the defendant that the absence of any allegation in the complaint that the waivers or modifications had the assent of either the president or vice-president in combination with the assent of the secretary or assistant secretary, and the absence of a further allegation that such waivers or modifications were in writing, renders the complaint fatally defective. The complaint does not specify by what officers or other representatives of the company the waivers or modifications were made nor whether the same were in writing or otherwise. The allegations simply designate the defendant, which of course means the Pacific Mutual Life Insurance Company of California, a corporation, as the party making the waivers. The principles of the law of waiver and estoppel require consideration here in order to arrive at a proper solution of the questions at issue. A waiver is defined as the failure to insist upon some right, claim or privilege and a foregoing or giving up of some advantage which but for such waiver the party would have enjoyed. A waiver takes place where a man dispenses with the performance of something which he has a right to exact and is a technical doctrine introduced and applied by the courts for the

purpose of defeating forfeitures. Estoppel is the inhibition to assert a right from the mischief that has resulted or might follow. Waiver belongs to the family of estoppel yet they are distinguishable. They are, however, frequently used in cases as convertible terms, especially as applied to the law of insurance contracts in the avoidance of forfeitures. See 40 Cyc. 252-256. To constitute estoppel *in pais* the party against whom it is sought to be enforced must have made some representation the effect of which would be to influence the conduct of the one seeking to enforce the estoppel and induce him to change his position so as to materially injure him if the party making the representation is allowed to deny its truth. *Pope* v. *Ferguson,* 83 Atl. 353; *Webber* v. *Ingersoll,* 104 N. W. 600. We understand the rule to be that corporations have power to waive their legal rights and are bound by waiver and estoppel like natural persons. They can claim no exemption from the operation of those rules or maxims which are established to enforce good faith and fair dealing among individuals.

If it is true that the defendant in this case, as alleged, by representations and promises induced plaintiff to forego her right to bring an action on the policy in suit within one year after the death of McLain and also waived its right to require the payment of premiums and the plaintiff did, pursuant to defendant's representations and promises, refrain from bringing suit against defendant within the time prescribed in the policy, the plaintiff thereby rendered her *quid pro quo* and defendant is estopped from requiring a compliance with those clauses in the policy—the one requiring suit to be brought within one year after the death of the insured and the other providing for a forfeiture of the policy in case the premiums were not paid. *Hale* v. *Union Mutual Fire Ins. Co.,* 64

Am. Dec. 370; *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143.

While municipal or governmental corporations are held to a strict exercise of their powers it has been held that they may waive the terms of their written contracts and be estopped thereby. A county in Illinois, a subscriber to stock of a railway company, agreed to extend the time for completing the road from that originally fixed to a particular date. Before that date the county by its proper officers declared the road completed to its satisfaction, delivered its bonds and received the stock of the company in return therefor. Held, its action constituted a waiver and estoppel which prevented it from raising the objection that the contract was not performed in time. *County of Randolph* v. *Post,* 93 U. S. 502. Where contracts were required by a Federal statute to be in writing it has been held that this requirement might be departed from in those very particulars where writings are most important and still the Federal government would be bound. Where a contract was made for the delivery of a large amount of supplies by a given date, but which were not delivered by that date but long afterwards, it was held that the statute was not infringed by accepting these supplies after the date stipulated for delivery and that a verbal agreement to extend the time of performance was valid. *Salomon* v. *United States,* 19 Wall. 17. See also *Pixley* v. *Western Pac. Ry. Co.,* 91 Am. Dec. 623. In the last case cited the charter of a railroad company provided that "No contract shall be binding on the company unless made in writing." The plaintiffs were attorneys and were employed by verbal agreement merely to conduct litigation. They did so and then sued for their fees and the company defended on the ground that the contract was not in writing. Commenting upon this case the supreme court of California said: "It is probable that the first impulse that rises in every mind

is to say that if such defense is law it is none the less rascality," and the court held that the contract having been executed, and the corporation having received the consideration it could not escape the liability.

In the case at bar the plaintiff accepted the terms imposed by defendant and complied therewith. The defendant received the consideration and it should not now be permitted to escape liability. If corporate transactions are void because the prescribed form is not pursued it does away with much of the law of implied contracts as it relates to such objects. That corporations are liable upon implied contracts, even where it is required that they should be expressed, is too well settled to dispute. 2 Kent's Com. 291; *City of Cincinnati* v. *Cameron,* 33 Oh. St. 365.

The final question is whether the complaint is fatally defective because of the absence of an allegation that the waivers were made by the officers and in the manner provided for in the policy. The allegation in the complaint that the waivers were the act of the defendant carries with it the assumption that the same were not only committed by the proper officers or representatives of the company clothed with authority to act but that all necessary steps were taken in order to make the corporate act legally operative.

The defendant relies largely upon the decision of the Supreme Court of the United States in *Northern Assurance Co.* v. *Grand View Building Association,* 183 U. S. 308, and while that opinion was the expression of a divided court we have no quarrel with the views expressed therein. But it must be borne in mind that while that case had to do with proof, we are dealing with pleadings. The court in that case, in referring to a clause providing against additional insurance, held that such a condition in the policy was one which, *unless waived,* should have been complied

with.  In the opinion the court quotes with approval the decision in *Insurance Co.* v. *Norton,* 96 U. S. 234, where the latter court, speaking through Mr. Justice Bradley, said: "The written agreement of the parties, as embodied in the policy and the indorsements thereon, as well as in the notes and the receipt given therefor, was undoubtedly to the express purport that a failure to pay the notes at maturity would incur a forfeiture of the policy.  It also contained an express declaration that the agents of the company were not authorized to make, alter or abrogate contracts or waive forfeitures.  And those terms, had the company so chosen, it could have insisted on.  But a party always has the option to waive a condition or stipulation in his own favor.  The company was not bound to insist upon a forfeiture, though incurred, but might waive it." And again in the *Northern Assurance Company* case the language of Mr. Justice Field, employed in *Insurance Company* v. *Wolff,* 95 U. S. 326, to the following effect, was used and adopted: "The conditions mentioned in the policy could, of course, be waived by the company either before or after they were broken; they were inserted for its benefit and it depended on its pleasure whether they should be enforced."  And again it is said in the *Northern Assurance Company* case: "Insurance companies may waive forfeiture caused by non-observance of conditions; that, where waiver is relied on, the plaintiff must show that the company, with knowledge of the facts that occasioned the forfeiture, dispensed with the observance of the condition; that where the waiver relied on is an act of an agent, it must be shown either that the agent had express authority from the company to make the waiver, or that the company subsequently, with knowledge of the facts, ratified the action of the agent."

In the case at bar, the corporation having authority to make the contract in the first instance it follows that it

was equally clothed with authority to waive any of the terms of the contract and thereby estop itself. The policy issued by the company contained various clauses and conditions inserted for the protection of the company. It is alleged in the complaint that the company waived certain of these clauses or conditions and it is proper to presume that in so doing the officers of the company in the management of its affairs, possessing authority to act, have complied with all of the conditions necessary to the exercise of the power of waiver. We think the allegations of the complaint are sufficient to maintain the action.

The exception to the order of the court sustaining defendant's demurrer is hereby sustained and the cause is remanded to the court below for further proceedings consistent with this opinion.

*H. Edmondson* (*E. C. Peters* with him on the brief) for plaintiff.

*A. L. Castle* and *Marguerite Ashford* (*Castle & Withington* and *Marguerite Ashford* on the brief) for defendant.