## MARY VINCENT vs. THE MUTUAL RESERVE FUND LIFE ASSOCIATION.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A policy of life insurance provided that no suit should be brought upon it except within one year from the decease of the assured. In an action subsequently brought, the complaint alleged that during the year allowed for suit negotiations were pending for a settlement of the claim, and were carried on and encouraged by the defendant until within "a short time" of the end of the year; that the defendant's conduct induced the plaintiff to believe that the claim would be paid without suit, and relying thereon the present action was not sooner brought. The complaint also alleged that the plaintiff commenced an action within the year prescribed in the policy, which the court struck from the docket, after said year had elapsed, because the complaint contained no *ad damnum* clause. *Held* :—

1. That it was clear from these averments that the plaintiff's failure to bring the present action within the year limited was due, not to lack of time after negotiations were broken off, but because the action she did commence within that time was defeated by her own inadvertence or mistake; and that such failure furnished no ground for the present action.

2. That the averments of the complaint were insufficient to constitute
　a waiver by the defendant, or an equitable estoppel against its right
　to rely in defense upon the one-year limitation.
A demurrer to the complaint assigned, in substance, these reasons for
　its insufficiency. *Held* that thereby the actual, substantial defects
　were specifically pointed out, and the plaintiff's attention directed
　to the principles of law which upheld the defendant's contention.

Argued April 10th—decided May 9th, 1902.

ACTION to recover the amount of a policy of life insurance,
brought to the Superior Court in New Haven County and
tried on demurrer to the complaint; the court, *Shumway, J.*,
sustained the demurrer and rendered judgment for the de-
fendant, and the plaintiff appealed for alleged errors in the
rulings of the court. *No error.*

This is an action upon a contract of insurance which con-
tains the following provision: "No action at law, or suit in
equity, shall be maintained hereon, or recovery had, unless
such action or suit is commenced within one year from the
date of the death of said member."

Ann Murphy, the member named in the policy, died on
March 6th, 1900. The plaintiff, who is the beneficiary under
the policy, brought this action on May 21st, 1901.

The complaint, after stating facts sufficient to support an
action brought within one year after the death of Ann Mur-
phy, alleges in paragraph eight that the plaintiff commenced
an action within one year from March 6th, 1900, which was
duly returned to court, but the complaint in that action con-
tained no *ad damnum* clause, and for this reason said action
was defeated, and the cause stricken from the docket, after
said year had elapsed and before the commencement of the
present suit.

Paragraph nine of the complaint alleges : that after the
death of said Ann Murphy, on said March 6th, 1900, and
before the expiration of one year from said March 6th, 1900,
"negotiations were pending between the plaintiff and de-
fendant for the settlement of said claim of the plaintiff, and
said negotiations continued and were carried on and encour-
aged by the defendant, until within a short time of March 6th,

1901; and by the conduct of the defendant therein the plaintiff was induced to believe, and the plaintiff did believe therefrom, that said loss would be paid without suit, and that no suit would be necessary to enforce her claims against the defendant; and relying upon said conduct of the defendant in that respect, this suit was not sooner brought, and has been brought within reasonable time after said negotiations were broken off by the defendant, and defendant avowed its intention of not paying said loss."

A demurrer to the complaint was filed and sustained by the court, and judgment rendered for the defendant.

The appellant claims that the court erred " in holding and deciding that the complaint was insufficient for the causes of demurrer set up in said demurrer."

*Charles S. Hamilton*, for the appellant (plaintiff).

*James H. Webb*, with whom was *Arnon A. Alling*, for the appellee (defendant).

HAMERSLEY, J. We have recently held in a contract of insurance like this that no action which is commenced after the expiration of the time within which it is agreed any action shall be commenced, can be maintained, unless the performance of the condition to bring suit within the specified time is (1) rendered impossible through the existence of such facts as by the law of contract will excuse the performance of such a condition, or (2) is waived by the insurer, or (3) the insurer has been guilty of such conduct as in law will constitute an estoppel to the assertion of its nonperformance. *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510.

Applying that decision to the case before us, it is clear that the allegations of paragraph eight are immaterial.

The facts stated in paragraph nine do not support any claim of waiver, nor do they furnish any legal excuse for nonperformance of the condition, unless an equitable estoppel is the legal inference from such facts, in connection with others alleged in the complaint.

The facts alleged are these: 1. At some time within the year following March 6th, 1900, negotiations were pending between the plaintiff and defendant for the settlement of plaintiff's claim, which were carried on and encouraged by the defendant, and were continued until within a short time before March 6th, 1901, when they were broken off by the defendant, who then avowed its intention of not paying the loss.   2. The plaintiff was induced by the conduct of the defendant in carrying on and encouraging said negotiations, to believe, and did believe, that no suit would be necessary to enforce her claim.   3. After the termination of the negotiations, and within the year, the plaintiff commenced an action which was defeated for reasons not touching the merits of her claim.   4. Relying upon said conduct of the defendant, this suit was not sooner brought, and has been brought within a reasonable time after the termination of said negotiations.

Whatever elements may be necessary to the equitable estoppel claimed, it is at least essential, first, that the failure of the plaintiff to bring suit during the time covered by the negotiations was due to her belief in the intention of the defendant to pay her claim without suit, and that this belief was induced by acts and conduct of the defendant calculated to produce the same as their natural and reasonable effect; second, that the negotiations were not broken off until the year was so nearly expired that the plaintiff was thereby practically prevented from bringing suit within the year.

The complaint does not allege either of these essential elements.   Negotiations for settlement of a claim imply a contest, as well as a desire to avoid a contest.   It is not the natural and reasonable effect of carrying on such negotiations to induce a belief that the claim, or such part thereof as the claimant insists upon, will in any event be voluntarily paid, although for reasons of policy a suit may not be commenced during their pendency.

There is no allegation that the negotiations were not carried on in good faith, or that they were encouraged with a view to deceive the plaintiff, or that the defendant made any

promises in words, or equivalent acts, that should in equity estop it from now insisting upon the performance of the plaintiff's promise to bring suit within the year.

As to the second element, there is no allegation that the negotiations were so prolonged that the plaintiff was thereby prevented, or practically prevented, from bringing suit within the year. The allegation is that the negotiations were broken off "a short time before March 6th, 1901." Consistently with the facts appearing in the record, this short time may have been a few days and may have been a few weeks. However long or short this time may have been, it appears affirmatively that the plaintiff had sufficient time to, and did, commence an action after the negotiations were broken off and before the year expired, and that this present action was brought after the right to maintain it had ceased, not because the plaintiff had been prevented from bringing it within the time, but because the action she did commence failed through her own inadvertence or mistake. Such failure furnishes no ground for bringing this action. *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510. The complaint is demurrable.

It is claimed that the actual defects are not specifically pointed out by the demurrer. The reasons given for the insufficiency of the facts, alleged as an excuse for the non-performance of the plaintiff's contract to bring suit within a year, are, because it appears that the negotiations referred to in paragraph nine were terminated before the expiration of the year; that after the termination of the negotiations the plaintiff had ample time to bring the suit; that the plaintiff was not misled to her prejudice by the acts of the defendant or the negotiations referred to in the complaint, nor in any manner prevented by the defendant from bringing a suit within the year; that the failure of the former action, referred to in paragraph eight of the complaint, was not through neglect or fault or any wrongful act of the defendant, but the same failed solely because the complaint therein was insufficient.

We think these reasons fairly indicate the substantial de-

fects in the complaint, and direct the attention of the plaintiff to the principles of law which render it insufficient.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.