PHILOMENA SILVERHORN, ADMINISTRATRIX OF THE ESTATE OF ALEXANDER McLAIN, DECEASED, *v.* THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, A CORPORATION.

## No. 891.

EXCEPTION FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED FEBRUARY 9, 1916.   DECIDED FEBRUARY 19, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

LIMITATION OF ACTIONS—*statute and exceptions—contract stipulation.*

Where parties by contract stipulate that no action shall be commenced upon the contract unless commenced within a certain time, the time being reasonable for the purpose, such stipulation becomes a condition of the contract, is binding on the parties, and neither the statute of limitations nor the exceptions thereto apply.

SAME—*pleading by demurrer—insurance.*

Where it appears upon the face of the complaint in an action upon an insurance policy that the parties stipulated in the policy that the defendant, the insurer, should not be liable in an action thereon unless the same was commenced within one year from the date of the death of the insured, and the insured had been dead more than one year before the action was commenced, a demurrer to the complaint upon the ground that the action was not commenced within the stipulated time is proper and should be sustained.

PLEADING—*demurrer—waiver.*

Where defendant demurs to plaintiff's complaint on the ground that it appears therefrom that the plaintiff's cause of action is barred by contract of the parties and the trial court and the parties treat such demurrer as properly raising the question, the plaintiff, after the demurrer is sustained, should not, on appeal, for the first time, be permitted to question the right of the defendant to raise the question by demurrer but should be held to have waived the question of procedure.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff as administratrix of the estate of Alexander McLain, deceased, filed in the circuit court of the first judicial circuit her complaint in assumpsit upon a certain life insurance policy issued by the defendant to said deceased on the 15th day of May, 1903, which policy is attached to and made a part of the complaint. The complaint alleges that said insured died in June, 1907; that the plaintiff was appointed such administratrix by the circuit court of the first judicial circuit of the Territory of Hawaii August 14, 1914, and qualified as such on August 15, 1914; that in November, 1914, the plaintiff made and delivered to the defendant, on forms prescribed by the defendant, proofs of the death of said insured; that defendant failed to pay the amount of insurance named in the said policy, to plaintiff's damage in the sum of $1000, for which plaintiff demanded judgment. To the said complaint the defendant filed a demurrer, general and special, upon the following grounds:

"First:   That the complaint does not state a cause of action in favor of the plaintiff.

"Second:   That the complaint on its face shows that the action is not commenced within one year of the date of the death of the insured as required by the terms of the policy which is made a part of the complaint.

"Third:   That the complaint fails to allege the payment of the premiums as required by the terms of the policy."

The circuit court sustained the demurrer but granted leave to amend the complaint and made an order allowing an interlocutory exception to this court from the order sustaining the demurrer, and the cause comes here upon interlocutory exception challenging the correctness of the said order sustaining the defendant's demurrer. In our opinion the exception must be overruled.

The second ground of the demurrer was well taken and

this dispenses with the necessity of considering the other grounds of the demurrer. Where parties to a contract stipulate that any action or suit thereon must be brought within a certain named time, and the time so stipulated is a reasonable time in which to commence the action, the stipulation becomes a condition of the contract and is binding upon both parties (*Tong Chong Chan* v. *The New Zealand Ins. Co.*, 13 Haw. 483, and authorities therein cited). In harmony with this ruling is the decision in the case of *Boardman* v. *Fireman's Fund Ins. Co.*, 14 Haw. 21, wherein it was held that a stipulation in the policy that proof of loss must be made on behalf of the insured within sixty days after loss is a condition precedent to maintaining an action on the policy. The weight of authority, and we think the better reasoning, is to the effect that where an action on an insurance policy must, by express stipulation in the policy, be brought within one year, such stipulation becomes a condition of the policy and is binding upon the parties. One year has frequently been held to be a reasonable time within which to commence such action, and that such stipulation binds the parties (*McConnell* v. *Iowa Mut. Aid Ass'n.*, 79 Ia. 757; *Brown* v. *Roger Williams Ins. Co.*, 7 R. I. 301; *Lewis* v. *Metropolitan Life Ins. Co.*, 180 Mass. 317.; *Metropolitan Life Ins. Co.* v. *Caudle* (Ga.) 50 S. E. 337; *Ryer* v. *Prudential Ins. Co.*, 185 N. Y. 6; *Vincent* v. *Mutual Reserve Fund Life Ass'n.*, 74 Conn. 684; *Brady* v. *Prudential Ins. Co.*, 168 Pa. St. 645; *Riddlesbarger* v. *Hartford Life Ins. Co.*, 7 Wall. 386; *Wilkinson* v. *John Hancock Mutual Life Ins. Co.*, 27 R. I. 146).

It is argued on behalf of the plaintiff that a general exception to statutes of limitation that the statute does not run until there is some one in existence capable of bringing the action obviates the necessity of complying with the stipulation in the policy that "No suit upon said

policy shall be sustained unless commenced within one year of the date of the death of the insured," inasmuch as the action was commenced within one year after the appointment of the plaintiff as administratrix of the estate of the deceased. This contention cannot be sustained. It is well settled that where parties by contract stipulate the time within which action or suit must be commenced thereon, and the time so stipulated is reasonable, that statutes of limitation, and the exceptions thereto, do not apply, but the rights of the parties are determined by the conditions which they have placed in the contract (*Wilkinson* v. *John Hancock Mut. Life Ins. Co., supra; Brown* v. *Roger Williams Ins. Co., supra; McElroy* v. *Continental Ins. Co.,* 48 Kans. 200; *Ward* v. *Penn. Fire Ins. Co.,* 33 So. 841; *Fey* v. *I. O. O. F. Mut. Life Ins. Soc.,* 120 Wis. 358; *Mead* v. *Phoenix Ins. Co.,* 64 L. R. A. 79.; *Lewis* v. *Metropolitan Life Ins. Co., supra*). In *Wilkinson* v. *John Hancock Mut. Life Ins. Co., supra,* the court held that the action must be commenced within the time stipulated in the policy, the court saying, *inter alia:* "The object of the statute and the contract was to allow a certain time within which the suit should be brought. If the other meaning were adopted there would be practically no limitation at all. Parties interested might postpone the appointment of an administrator for many years, and the company could have no remedy. In life insurance death is a factor in every case, and the necessity of the appointment of a personal representative can hardly have been overlooked by the framers of the statute or the writers of the policy. The time allowed seems ample within which to appoint an administrator and commence suit against the insurance company." What the court there said is applicable to the case at bar. In *Metropolitan Life Ins. Co.* v. *Caudle, supra,* the insured died March 6, 1902, and his administratrix commenced an action July 13, 1903. The court held the action

barred by the condition contained in the policy that "No suit· shall be brought against the company after one year from the date of the death of the insured," citing a number of Georgia cases.

It is argued on behalf of the plaintiff that the policy in question, by its terms and conditions, had a cash value at the death of the insured and that the plaintiff is entitled to recover that cash value. This contention is based upon conditions in the policy to the effect that upon default in the payment of any premium, after payment of three or more full years' premiums, the company would issue to the insured a paid-up policy pursuant to a certain schedule on surrender of the policy, and the further stipulation that if all premiums have been paid to the end of the term specified below, this policy, if surrendered to the company while in force, or within three months thereafter, will entitle the owner to cash as follows: at the end of the tenth year, $424; at the end of the fifteenth year, $770; at the end of the twentieth year, $1273. As heretofore suggested, there is no allegation in the complaint that the policy was surrendered or tendered for surrender for any of the aforesaid purposes, and the facts stated in the complaint· inferentially show the annual payments for not more than four full years prior to the decease of the insured. The complaint was not framed upon the theory that the plaintiff was entitled to a paid-up policy by reason of having made three or more payments, nor upon the theory that the policy had any cash value other than the amount of insurance stipulated in the original policy. The action was upon the original policy and to recover the full amount thereon. While new arguments based upon the theory of the pleadings in the trial court may be made in an appellate court, yet changes of the theory of such pleadings are not generally favored. The supreme court of the United States in the case of *Fleitman* v. *Welsbach*

*Street Lighting Co.,* decided January 24, 1916, in an opinion by Mr. Justice Holmes, said: "It is now suggested, evidently as an afterthought since the decision in the district court, that there might be a decree directing the corporation to sue or, if it fails to do so, permitting the plaintiff to sue in its name and on its behalf. But the bill is not framed for that purpose, as the court below held."

The plaintiff in this court for the first time questions the right of the defendant to demur to the complaint on the ground that the action was not brought within time. The bar of the statute of limitations has been presented by demurrer in the following law cases that have come to this court, viz., *Castle* v. *Smith,* 17 Haw. 32; *Garcia* v. *Kekaha Sug. Co.,* 20 Haw. 170; *Kauha* v. *Palolo Land & Imp. Co.,* 20 Haw. 237. Under the common law practice as it originally existed the statute of limitations could only be presented by a special plea in bar, and that is the rule in some jurisdictions now where the common law practice prevails. In the code states, however, the rule is that which has been followed in the Hawaiian cases heretofore cited to the effect that when it appears affirmatively from the allegations of the complaint that plaintiff's cause of action is barred by the statute the defendant may by demurrer plead the statute. Our civil procedure act (Ch. 137 R. L.), so far as pleadings are concerned, has abolished the technical forms of common law pleadings and in actions *ex contractu,* as well as *ex delicto,* has prescribed very short forms of pleadings on behalf of the plaintiff. This act (Ch. 137, Sec. 2360 R. L.) provides as follows:

"It shall be incumbent upon every defendant served with process of summons as hereinbefore provided, within the time specified in the summons or order of publication, to file with the clerk of the court, an answer to the plaintiff's demand, either admitting all the facts stated in the petition to be true, and denying that they are sufficient in law to support the plaintiff's demand, which shall form an

issue of law to be determined by the court, or denying the truth of the facts stated in the petition, which shall form an issue of fact to be determined by the jury."

It will thus be seen that the demurrer in question here is, within the meaning of our civil procedure act, an answer. It certainly pleads the question of limitation as created by the contract, as much so as if stated in an answer or plea. A demurrer is often treated as equivalent to a plea (*Hopkins* v. *Wright*, 17 Tex. 30; *Hudson* v. *Wheeler*, 34 Tex. 356; *Howell* v. *Howell*, 15 Wis. 60; *Vincent* v. *Mut· Reserve Fund Life Ass'n.*, 74 Conn. 684; 31 Cyc. 271). "A demurrer to a declaration cannot properly be said to be a plea to the merits, except in cases where a judgment on the demurrer in favor of defendant would be a bar to a subsequent suit on the same execution. * * * A demurrer is, however, always deemed in the nature of a plea in bar, and cannot partake of the nature of a plea in abatement, even though it assign matter in abatement as a special cause of demurrer." Cyc. *supra*.

We are of the opinion that when the complaint shows, as it does here, that the parties by contract have stipulated that the defendant shall be liable in no action which is not commenced within twelve months after the decease of the insured, and the complaint shows on its face that more than one year has elapsed since the death of the insured, the question of limitation by the terms of the contract may be presented by demurrer. But even if this be not so, the plaintiff did not object or except to this question being raised by demurrer in the court below where it appears to have been treated as properly raised, by the court and by both parties, for which reason plaintiff should not be permitted to raise the question here for the first time, but should be held to have waived the manner of raising this issue of law in the trial court. Under authorities heretofore cited it is held that neither statutes of limitation nor

exceptions thereto apply in a case where, as here, the parties have by contract stipulated the time in which an action shall be brought upon the contract. This is an additional reason for holding that this question was properly presented by demurrer in the trial court.

The trial court properly. sustained the demurrer, for which reason the exception of the plaintiff is overruled. The cost of this appeal is awarded to the defendant.

*R. J. O'Brien (E. C. Peters* with him on the brief) for plaintiff.

*A. L. Castle (Castle & Withington* on the brief) for defendant.

### CONCURRING OPINION OF ROBERTSON, C.J.

I concur in the foregoing opinion except as to the ruling made that the plaintiff should not be permitted to raise for the first time in this court the point that the action was not brought within the time limited in the policy could not be raised by demurrer. The plaintiff's exception to the order sustaining the demurrer raised the question whether the ruling was right, and in presenting that exception the plaintiff ought not to be limited to the contentions made in the lower court. She should, in my opinion, be allowed to advance any ground or reason why she claimed the ruling was erroneous. That would not be raising a new question, but merely the presenting of a new point within the scope of the exception. *Kalaeokekoi* v. *Wailuku Sug. Co.,* 18 Haw. 380; *Kennedy* v. *Sniffen, ante,* p. 115.

### CONCURRING OPINION OF WATSON, J.

I am of the opinion that the contract limitation contained in the policy as to the time within which suit must be brought was improperly raised in the court below by demurrer. The rule of the common law is undoubted that in an action at law the statute of limitations could not

be raised by demurrer, but could only be taken advantage of by plea (25 Cyc. 1396; 13 Pl. & Pr. 200; Angell on Limitations, §285). In *Hines* v. *Potts,* 56 Miss. 346, 352, the court said:

"The bar of the statute of limitations cannot be availed of by a demurrer to the declaration, even though the cause of action set forth may appear to be barred. The statute of limitations must be pleaded, so that the plaintiff may, if he can, avoid the bar by replying facts which prevent it."

That the reasons for the rule are equally applicable where the limitation is by contract, see *Miller Brewing Co.* v. *Ins. Co.,* 111 Ia. 590, 598. As I view it, the rule in this jurisdiction has not been changed by the statutory provision referred to in the opinion of the court (Sec. 2360, R. L.). See Rule 4, circuit court first judicial circuit, which requires that "In personal actions the statute of limitations shall be specially pleaded," etc. In none of the cases referred to in the opinion of the court was the method of raising the point questioned.

It may be conceded that the rule is one of practice merely (*Wissner* v. *Ogden,* Fed. Cas. No. 17,914, 30 Fed. Cas. p. 392), and in my opinion the appellant, by reason of having treated the question as properly raised in the court below, should not now be permitted to raise it here for the first time (*Scott* v. *Kona Dev. Co.,* 21 Haw. 258, 263; *Keator Lumber Co.* v. *Thompson,* 144 U. S. 434; *Bank* v. *Telegraph Co.,* 141 Fed. 522, 4 L. R. A. N. S. 181, 186; *Schuster* v. *Carson,* 28 Neb. 612, 615, 616.)

I concur in the conclusion that the exception should be overruled.