LINWOOD EARL CARTER v. GEORGIA LIFE AND HEALTH INSURANCE COMPANY

No. 768DC707

(Filed 16 March 1977)

Insurance § 43.1; Limitation of Actions § 4— claim for hospital expenses — calculation of period of limitation

In an action to recover hospital room expenses from defendant under two insurance policies, the period of limitation ran from the time written proof of loss was furnished in accordance with the requirements of the policies plus the sixty days during which the policies prohibited a claimant from filing suit; however, plaintiff in this

Carter v. Insurance Co.

action was not entitled to the benefit of the sixty-day period in calculating the period of limitations since he failed to show that his proof of loss filed more than 90 days after termination of the period for which defendant was liable was furnished in accordance with the requirements of the policies.

APPEAL by plaintiff from *Exum, Judge.* Judgment entered 19 March 1976 in District Court, WAYNE County. Heard in the Court of Appeals 9 February 1977.

Plaintiff brought suit to recover hospital room expenses from defendant under two insurance policies. Plaintiff entered the hospital on 24 April 1972 and was discharged on 29 May 1972. He furnished proof of loss to defendant on 18 September 1972. In October defendant informed plaintiff that it would not pay his claim.

Plaintiff filed his complaint in this action on 26 September 1975. On 5 March 1976, defendant moved for summary judgment. Copies of the two insurance policies in question and plaintiff's proof of loss form were received into evidence at the hearing on the motion. The following two clauses, identical in each policy, are relevant on appeal:

*Proofs of Loss*—Written proof of loss must be furnished to the Company at its said office within ninety days after the termination of the period for which the Company is liable. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required."

*"Legal Actions*—No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

In the present case, the parties have stipulated that the period for which defendant is allegedly liable terminated on 29 May 1972, and that the written proof of loss filed by plain-

tiff on 18 September 1972 was not within the ninety-day requirement of the policy. Thus the ninety-day part of the "Proofs of Loss" clause is of no concern in this action. Plaintiff offered no reason to justify his failure to file within the ninety-day period set forth in the "Proofs of Loss" clause.

The court granted summary judgment for defendant on the ground that the action was not filed within the period of limitations set forth in the insurance contracts.

Plaintiff appeals.

*Barnes, Braswell & Haithcock, P.A., by Michael A. Ellis for plaintiff appellant.*

*Taylor, Allen, Warren & Kerr by Robert D. Walker, Jr. for defendant appellee.*

CLARK, Judge.

The issue upon appeal is whether the trial court was correct in concluding that plaintiff's claim was barred by the three-year period of limitation contained in the insurance contracts. Defendant contends that the period runs from the end of the ninety-day period to file proof of loss, in this case from 27 August 1972, and that when plaintiff filed his complaint on 26 September 1975, the period had run. Plaintiff contends that the period runs from the time written proof of loss is furnished, plus the sixty days during which the policies prohibit a claimant from filing suit, in this case from 18 November 1972.

It is apparent that unless plaintiff prevails on the argument that the sixty-day period must be taken into account, his claim will be barred irrespective of whether the period of limitations runs from the end of the ninety-day period, 27 August 1972, or the date proof was in fact furnished, 18 September 1972, since in either event the three-year period would have run when he filed suit on 26 September 1975. The initial question then is whether plaintiff is entitled to have the sixty-day period providing immunity from suit added to "the time written proof of loss is required to be furnished" in computing the date which begins the running of the period of limitations.

There is a sharp split on whether clauses which postpone the right to sue also postpone the date from which a period of limitations runs. 44 Am. Jur. 2d, Insurance, § 1911 (1969).

North Carolina is among the jurisdictions which construe a clause postponing suit in conjunction with a clause establishing a period of limitations so as to postpone the running of the period of limitations. *Heilig v. Insurance Company*, 152 N.C. 358, 67 S.E. 927 (1910).

However, the "legal actions" clause provides that the right to sue is postponed only when "written proof of loss has been furnished in accordance with the requirements of this policy." Upon defendant's plea of limitations, the burden is on the plaintiff to show that the action was instituted within the prescribed period. *Speas v. Ford*, 253 N.C. 770, 117 S.E. 2d 784 (1961). In the present case, if plaintiff wanted the benefit of the sixty-day period in calculating the period of limitations, the burden was on him to show the existence of an issue as to whether the proof of loss he submitted on 18 September 1972 "was furnished in accordance with the requirements" of the policies.

We conclude that no adequate showing was made. The "Proofs of Loss" clause provides that proof of loss may be furnished after ninety days only "if it was not reasonably possible to give proof" within that period. In response to the motion for summary judgment, plaintiff rested upon his pleadings, which do not allege any reason for the delay in furnishing written proof of loss. G.S. 1A-1, Rule 56(e) provides that the party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Millsaps v. Contracting Co.*, 14 N.C. App. 321, 188 S.E. 2d 663 (1972). The complaint, the two policies, and the proof of loss offered by defendant in support of its motion satisfied its burden of showing that no issue existed as to whether the action had been brought within the three-year period of limitations, unless plaintiff was entitled to the benefit of the sixty-day period. *Brown v. Casualty Co.*, 19 N.C. App. 391, 199 S.E. 2d 42 (1973), *aff'd*, 285 N.C. 313, 204 S.E. 2d 829 (1974).

If plaintiff wished to invoke the sixty-day period to delay the running of the period of limitations, the burden of going forward was on him to show that an issue existed as to whether his proof of loss had been furnished in compliance with the policies, in particular that there was reason for his failure to

furnish written proof of loss within the ninety-day period. Since defendant carried his burden of showing a lack of a triable issue of fact on the plea of limitations, summary judgment in his behalf was appropriate.

The judgment is

. Affirmed.

Judges VAUGHN and HEDRICK concur.