(No. 45102—Decided February 17, 1983.)

*Mr. Philip A. Lawrence,* for appellant.

*Mr. Stephen A. Markus,* for appellee.

MARKUS, J. Plaintiff-homeowner appeals from the summary judgment dismissal of his action against defendant-insurer for an allegedly insured burglary loss at his residence. Summary judgment was requested and granted on the sole ground that the action was barred by a policy provision which limited the time for suit. Our review of the policy language and controlling precedent requires us to reach the same conclusion, so we affirm the trial court's judgment.

Plaintiff's complaint alleges that he sustained the described burglary loss on October 16-17, 1980. The policy relied upon by plaintiff includes the following provisions:

"When loss payable. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by filing with this Company of an award as herein provided." (Hereinafter referred to as "loss payable" clause.)

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (Hereinafter referred to as "suit" clause.)

The record shows that plaintiff's complaint was filed on October 22, 1981. Although no evidentiary materials demonstrate the dates on which the insurer was notified about or denied the claim, plaintiff asserts in his brief that he notified the insurer on the next regular business day following the claimed loss and that the insurer denied the claim on June 4, 1981. Despite the procedural irregularity in asserting those dates, we will assume their accuracy, since we find that they have no legal significance here.

Plaintiff's single assignment of error claims:

"The trial court erred in granting appellee's motion for summary judgment finding that as a matter of law the action was barred by a contractual [*sic*] statute

of limitations requiring that a suit be filed within one year of the time of loss."

Plaintiff does not deny that such a twelve-month contractual limitations provision is valid and enforceable in Ohio. Cf. *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293 [23 O.O.3d 281]; *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427 [21 O.O.3d 267]. Rather, plaintiff contends that the policy's terms do not cause the contractual limitations interval to run from the date of the alleged burglary.

The "loss payable" clause quoted above allows the insurer sixty days after proof of loss before it is liable for payment of that loss. Plaintiff contends that the twelve-month time limit for suit should not begin to run until the insurer is liable for payment. That argument has been accepted by some other jurisdictions. See Annotation, 95 A.L.R.2d 1023 (and Later Case Service). However, Ohio courts have expressly rejected that contention.

In *Appel* v. *Cooper Ins. Co.* (1907), 76 Ohio St. 52, the court held that the comparable "loss payable" and "suit" clauses were clear, unambiguous and consistent. In *Appel,* the Supreme Court interpreted these clauses to mean that the insured is prevented from filing suit before satisfying the "loss payable" clause and after the time limit in the "suit" clause. The time limit for the "suit" clause begins to run at the "inception of the loss," rather than at the time when the "loss payable" clause is satisfied. This court made a similar ruling in *Gordon Square, Ltd.* v. *Massachusetts Bay Ins.* (Feb. 12, 1981), Cuyahoga App. No. 42464, unreported.

We are obliged to follow the precedent from our Supreme Court and more recently from this court. Therefore, we rule that the trial court correctly granted defendant's summary judgment motion. The trial court's judgment dismissing this action is affirmed.

*Judgment affirmed.*

Day, P.J., and Nahra, J., concur.