## JOSEPH D. MAHER *v.* CONNECTICUT INSURANCE PLACEMENT FACILITY

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 277068
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 20, 1985

*Donald Weisman,* for the plaintiff.

*Skelley, Clifford, Vinkels, Williams & Rottner,* for the defendant.

BIELUCH, J. On October 14, 1981, the plaintiff's house was damaged by fire. On that day, the plaintiff filed a claim for insurance proceeds pursuant to a fire insurance policy issued by the defendant covering the plaintiff's dwelling. The policy contained the following provision: "SUIT AGAINST US. No action shall be brought unless there has been compliance with the policy provisions and the action has been started within one year after loss."

Pursuant to the terms of the policy, the plaintiff submitted to an examination under oath on March 8, 1982, and filed a sworn statement in proof of loss on March 22, 1982. The plaintiff having received no notification from the defendant regarding the claim, the

plaintiff's attorney contacted the defendant's attorney on October 14, 1982, and "was told that no voluntary payment would be made and that he should commence on that day any legal action he intended to bring, or his claim would be barred by the contractual limitation provision of the policy." As a result, the plaintiff commenced to bring suit immediately, but did not serve the defendant until October 15, 1982.

The defendant has moved for summary judgment based on the plaintiff's failure to bring suit within the one year limitation period specified in the policy.

Summary judgment will be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 316–17, 477 A.2d 1005 (1984). The party seeking summary judgment has the burden of showing the nonexistence of any material fact and the trial court must view the evidence in the light most favorable to the nonmoving party. Id., 317; *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 309, 407 A.2d 971 (1978). Once the moving party has submitted evidence in support of the motion, however, the opposing party must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. *Strada* v. *Connecticut Newspapers, Inc.,* supra; *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984).

The facts disclosed indicate that the plaintiff failed to comply with the contractual time limitation for bringing suit against the defendant. Although neither party has submitted evidence to prove the exact time the fire was extinguished, the court may reasonably conclude that the entire loss occurred on October 14, 1981.

Contractual limitations such as that provided in this case have been sanctioned by the Connecticut Supreme Court. "Since a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance . . . ." *Monteiro* v. *American Home Assurance Co.*, 177 Conn. 281, 283, 416 A.2d 1189 (1979); see also *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510, 513, 51 A. 545 (1902). While the plaintiff contends that his neglect is excused by virtue of the extension period permitted by General Statutes § 52-593a, it is clear that this provision is only applicable to limitations provided by law. *Sacks Realty Co.* v. *Newark Ins. Co.*, 34 Conn. Sup. 564, 566, 377 A.2d 858 (1976).

The plaintiff next contends that the one year limitation period should have been tolled once the claim was presented until the defendant notified the plaintiff of its decision. The plaintiff relies on a series of recent out-of-state decisions which have recognized this approach in construing similar contractual limitations. No reported Connecticut cases have been found which have dealt with this issue.

In *Peloso* v. *Hartford Fire Ins. Co.*, 56 N.J. 514, 267 A.2d 498 (1970), the court adopted this approach and permitted suit to be brought on a fire insurance policy more than one year after the loss occurred. The court cited various New Jersey statutes which required the insured to provide proof of loss and gave the insurer sixty days after it was filed to make payment on the claim. "The fair resolution of the statutory incongruity is to allow the period of limitation to run from the date of the casualty but to toll it from the time an insured gives notice until liability is formally declined. In this manner, the literal language of the limitation provision

is given effect; the insured is not penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay; and the central idea of the limitation provision is preserved since an insured will have only 12 months to institute suit." Id., 521.

Similarly, Connecticut law requires a claimant to provide proof of loss to the insurer within sixty days after the loss occurs and gives the insurer an additional sixty days within which to make payment. General Statutes § 38-98. These time limitations fixed by law are included within the policy upon which this suit is brought. See *State* v. *Biller,* 190 Conn. 594, 610–13, 462 A.2d 987 (1983) (provisions of § 38-98 required by law). As a result, the limitation on suit contained in the policy runs during this statutory period. In the meantime, the insured may hesitate to bring suit prematurely or unnecessarily in reliance on the reasonable expectation that his claim will in good faith be paid unless he receives notice to the contrary. In the case here it was only upon his attorney's oral inquiry of the defendant's counsel on the date of expiration of the limitation for suit that he was made aware unofficially that court action was necessary. The insured had the contractural and statutory right under § 38-98 to receive official notice of the insured's action on this claim. Such required notice the plaintiff never received from the defendant insurance carrier, which may be evidence of lack of good faith in processing the plaintiff's claim, a standard to which insurance companies are held. This is the incongruous and inequitable result that the *Peloso* court sought to avoid.

While Connecticut has not yet adopted the *Peloso* construction of this contractual time limitation, other states have recently done so. See, e.g., *Fireman's Fund Ins. Co.* v. *Sand Lake Lounge, Inc.,* 514 P.2d 223, 227

(Ala. 1973); *Ford Motor Co.* v. *Lumbermens Mutual Casualty Co.,* 413 Mich. 22, 31, 319 N.W.2d 320 (1982); *Clark* v. *Truck Ins. Exchange,* 95 Nev. 544, 545, 598 P.2d 628 (1979); *Carter* v. *Georgia Life & Health Ins. Co.,* 32 N.C. App. 580, 582–83, 233 S.E.2d 65 (1977); *Meadows* v. *The Employers' Fire Ins. Co.,* 298 S.E.2d 874, 878 (W. Va. 1982); contra *Zuckerman* v. *Transamerica Ins. Co.,* 133 Ariz. 139, 145, 650 P.2d 441 (1982); *Closser* v. *Pennsylvania Mutual Fire Ins. Co.,* 457 A.2d 1081, 1084–85 (Del. Super. 1983); *Florsheim* v. *Travelers Indemnity Co. of Illinois,* 75 Ill. App. 3d 298, 308–309, 393 N.E.2d 1223 (1979); *Kelley* v. *Travelers Ins. Co.,* 9 Ohio App. 3d 58, 59, 458 N.E.2d 406 (1983).

Without deciding whether the limitation period should be tolled in this case, it is clear that issues of fact exist regarding the defendant's good faith warranting denial of the motion. The plaintiff complied with the various contract provisions by submitting to an examination under oath and by providing a sworn statement in proof of loss well before the anniversary date of the fire. While the defendant was not obligated to make payment on the claim until sixty days after the proof of loss was filed, the plaintiff did not receive notice of the defendant's decision to deny the claim until the anniversary date of the loss, and this through informal counsel inquiry. As a result, the plaintiff had less than one day in which to evaluate and determine the strength of his case and initiate suit.

The Connecticut Supreme Court has held that an insured must comply with a contractual limitation on suit in order to maintain an action unless there exists a valid excuse for nonperformance. *Monteiro* v. *American Home Assurance Co.,* supra, 283. Such excuses include: (1) impossibility of performance under the law of contracts; (2) waiver by the insurer; or (3) conduct engaged in by the insurer constituting an estoppel to

the assertion of nonperformance. *Vincent* v. *Mutual Reserve Fund Life Assn.,* 74 Conn. 684, 686, 51 A. 1066 (1902); *Chichester* v. *New Hampshire Fire Ins. Co.,* supra, 513. It appears from the evidence on this motion that the plaintiff was relying on the conduct of the defendant in its investigation of the fire insurance claim and neglected to bring suit prior to the limitation deadline based on such conduct. See *Papcun* v. *Papcun,* 181 Conn. 618, 621, 436 A.2d 282 (1980) (elements of estoppel). Insufficient facts exist at this time, however, which would enable this court to decide whether an estoppel did or did not occur excusing the plaintiff's nonperformance. See 7 Couch, Insurance 2d § 35:273 (estoppel ordinarily presents issue of fact for the jury).

Moreover, the defendant's failure to inform the plaintiff of the denial of his claim until the anniversary date of the fire raises questions of fact regarding the defendant's exercise of good faith. While the Supreme Court has not yet decided this issue, lower courts have recognized the existence of an implied covenant of good faith and fair dealing arising out of contracts of insurance and a private cause of action on behalf of the insured for a breach thereof. See, e.g., *Grand Sheet Metal Products Co.* v. *Protection Mutual Ins. Co.,* 34 Conn. Sup. 46, 51, 375 A.2d 428 (1977).

General Statutes § 38-61 (6) (e) specifically classifies as an unfair claim settlement practice prohibited by § 38-60 "failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed." Concomitantly, breach of the covenant of good faith and fair dealing by unreasonably delaying a decision on the plaintiff's fire loss claim may preclude the defendant's reliance on the contractual limitation provision as a bar to this action. See *Lippitt* v. *Ashley,* 89 Conn. 451, 480, 94 A. 995 (1915); *Kilburn* v. *Keenan,* 27 Conn. Sup. 394, 397, 240 A.2d 213 (1967) (summary judgment denied where defend-

ant sought the delay in order to interpose statute of limitations). Upholding the defense of nonperformance within the policy limitation in the face of the defendant's conduct may confer a benefit upon a wrongdoing insurance company.

Issues of fact exist surrounding the defendant's conduct warranting a denial of its motion for summary judgment.

The defendant's motion for a summary judgment is denied.