HAWLEY ENTERPRISES, INCORPO-
RATED, formerly BCO Vending
Corporation, Plaintiff,

v.

RELIANCE INSURANCE
COMPANY, Defendant.

Civ. No. B–84–595 (WWE).

United States District Court,
D. Connecticut.

Oct. 1, 1985.

Thomas Minogue, Jr., Fairfield, Conn., for plaintiff.

R.L. Sweigart, Stamford, Conn., Christopher Meyering, Riverside, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

In this diversity action plaintiff Hawley Enterprises, Incorporated (hereinafter "Hawley") seeks to recover damages for destruction of its property by fire. Hawley was insured under a policy issued by defendant Reliance Insurance Company (hereinafter "Reliance"). Reliance moves for summary judgment. Fed.R.Civ.P. 56.

### FACTS

Hawley purchased a multi-peril insurance policy from Reliance which covered its property for the year June 11, 1981 to June 11, 1982. The policy contained the standard clause that:

> No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Named Insured of the occurrence which gives rise to the claim.

On February 1, 1982 Hawley's premises and personal property located on the premises were partially destroyed by fire. On June 29, 1982 Hawley submitted its proof of loss to Reliance. On July 26, 1982 Reliance advised Hawley that it wished to conduct an examination under oath of one of Hawley's representatives as provided in the policy. The examination was conducted on Dec. 21, 1982. As a result of this examination the Reliance accountants asked for, and received, books and records belonging to Hawley. In connection with the accountant's examination Reliance granted Hawley a ninety (90) day extension of time for Hawley to commence suit, until May 1, 1983. On April 29, 1983 Hawley and Reliance, through their representatives, executed an agreement appointing disinterested appraisers to assess the loss. This executed agreement was forwarded by Reliance to Hawley on May 19, 1983. The umpire's determinations were completed on May 26, 1983 and June 1, 1983. Based on those determinations Hawley requested payment of the loss. Liability was denied on July 13, 1983. Suit was filed in Superior Court in Bridgeport on August 8, 1984 and removed to the federal court on September 10, 1984.

## ISSUES

Reliance contends that there is no genuine issue of material fact and that as a matter of law judgment should enter in its favor. Specifically it asserts that Hawley commenced this suit for insurance proceeds more than one year after the date of loss, although the policy provided that suit had to be brought within twelve months of the date of loss. Reliance therefore reasons that Hawley is time barred from bringing the suit.

Hawley argues that the questions of waiver and estoppel effectively proscribe the grant of summary judgment. For the reasons set forth below, the motion for summary judgment is granted.

1. Conn.Gen.Stat.Ann. Section 38–98 (West Supp. 1985) provides in relevant part: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or

## DISCUSSION

Summary judgment cannot be granted if there is a "genuine issue as to any material fact." Fed.R.Civ.P. 56(c). See *Schwabenbauer v. Board of Education*, 667 F.2d 305, 313 (2d Cir.1981). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" *American Int'l Group, Inc. v. London American Int'l Corp.*, 664 F.2d 348, 351 (2d Cir.1981) (quoting *Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975)). "In determining whether or not there is a genuine factual issue, the court should resolve all ambiguities and draw all reasonable inferences against the moving party." *Schwabenbauer*, 667 F.2d at 313 (citations omitted); see also *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d. Cir.1980).

Conn.Gen.Stat. Sec. 38–98 [1] contains the statutory provision which requires suit to be brought within one year of a loss due to fire. The provision is a valid contractual obligation. *Zieba v. Middlesex Mutual Assurance Co.*, 549 F.Supp. 1318, 1322 (D.Conn.1982); *Monteiro v. American Home Assurance Co.*, 177 Conn. 281, 283, 416 A.2d 1189 (1979). The majority of Connecticut courts have strictly construed the one year limitation and have granted summary judgment against the plaintiff where suit was filed eleven months late, *Zieba*, and ten months late, *Monteiro*. In this case Hawley has filed approximately eighteen months beyond the expiration of the original limitation period and approximately fifteen months beyond the extension of time given to it by Reliance. See Defendant's Memorandum in Support of Motion for Summary Judgment, ("Exhibit D") (letter from Reliance Attorney McCarthy to Hawley Attorney Minogue which states, inter alia, "I sought and received authority to extend your client's time within which to

equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

commence suit an additional ninety days...."). Thus, on its face the lapse of time bars this action.

Hawley asserts, however, that an issue of estoppel exists as to the conduct of Reliance in not informing Hawley that Reliance denied liability until July 13, 1983, more than two months after the expanded suit deadline. This assertion is unpersuasive as a matter of law.

Under Connecticut law the estoppel doctrine contains two criteria. "Its two essential elements are: one party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act on that belief; and the other party, influenced thereby, must change his position or do some act to his injury which he otherwise would not have done." *Dickau v. Town of Glastonbury*, 156 Conn. 437, 441, 242 A.2d 777 (1968) (quoting *Pet Car Products, Inc. v. Barnett*, 150 Conn. 42, 53–54, 184 A.2d 797 (1962)). See also, *Zieba,* 549 F.Supp. at 1322. Hawley contends that it relied on the conduct of Reliance, (the continuation of the appraisal process after the limitation period had passed) and, acting in response to that conduct, that it did not file suit, based upon its expectation that the claim would be paid following appraisal. However, acts occuring after the period for suit has run can normally be neither waiver or estoppel. Couch on Insurance 2d (Rev ed) 75:182 at 175 & n. 11 (1983) (list of cases cited). See also, *Brandywine One Hundred Corp., v. Hartford Fire Insurance Co.,* 405 F.Supp. 147, 153 (D.Del.1975) ("The failure of Mr. Scott to answer Mr. Swimmer's letter is not misleading conduct, and even if it was, these events occurred after October 1973, when the time for bringing suit expired. It cannot possibly operate as an estoppel to the defense that plaintiff's right to sue was barred in October 1973.").

Hawley's strong reliance on *Maher v. Connecticut Insurance Placement Facility,* 40 Conn.Sup. 299, 494 A.2d 631 (1985) is misplaced. In *Maher* the plaintiff, whose home was destroyed by fire, sought to recover under his insurance policy. The defendant moved for summary judgment, claiming that the plaintiff had failed to bring suit within the one year limitation. Although the plaintiff notified the defendant of the loss within the prescribed time, the defendant did not notify plaintiff that it was disallowing his claim until plaintiff's attorney called defendant's attorney on the anniversary date of the loss. From the facts of the case it appears there was little, if any, contact between the plaintiff and defendant in *Maher* until the anniversary date. It appears, too, that there was no statement of non-waiver by the insurance company nor were there any discussions of suit limitations between the plaintiff and defendant. The *Maher* court found that it appeared "that the plaintiff was relying on the conduct of the defendant ... and neglected to bring suit prior to the limitation deadline based on such conduct." *Maher,* 40 Conn.Sup. at 304, 494 A.2d 631. The court then stated, "Insufficient facts exist *at this time,* however, which would enable this court to decide whether an estoppel did or did not occur excusing the plaintiff's nonperformance." *Id.* (emphasis added). The present court is not under the same disability. Hawley and Reliance were in contact on, at the least, a monthly basis for almost one and one-half years. In each communication between the two companies Reliance asserted its rights under the policy and informed Hawley repeatedly it would not waive them. The record is replete with Reliance's constant reminders. See, e.g. Defendant's Motion in Support of Motion for Summary Judgment, Exhibits "B", "C", "G" and "H". Further, Reliance specifically granted a ninety day extension beyond the twelve month period "within which to commence suit ...". Defendant's Memorandum in Support of Motion for Summary Judgment, Exhibit "D". On this evidence there is simply no basis to conclude that Reliance did anything which could have led Hawley into believing that it intended to enlarge the limitation period in the fire insurance policy. The totality of communications between the parties indicates the contrary. Reliance may not be

estopped from asserting the twelve month limitation as expressly extended. See, e.g. *Schafer v. Buckeye Union Insurance Company*, 178 Ind.App. 70, 381 N.E.2d 519, 523 (1979) ("... [E]ven where it has attempted to negotiate settlement, we see no reason why an insurer would be precluded from relying on the limitation where it expressly so advises the insured a reasonable time before the expiration date...."). Accord, *Rosenthal v. Reliance Insurance Co.*, 25 App.Div.2d 860, 269 N.Y.S.2d 778 (1966) (no estoppel where, inter alia, insurer had notified insured about three weeks prior to expiration of twelve month period that it was reserving all its rights under terms and conditions of the policy). But cf. *Anderson v. State Farm Fire and Casualty Co.*, 583 P.2d 101 (Utah 1978) (insurer waived right to assert one year limitation in policy because, inter alia, it never denied claim or notified insured that it would rely on limitation)

■ For the same reasons Hawley's contentions that Reliance waived the suit limitation of the insurance contract are without merit. "To constitute waiver there must be an 'intentional relinquishment of a known right'". *Zieba*, 549 F.Supp. at 1322 (quoting *National Transp. Co. v. Toquet*, 123 Conn. 468, 475, 196 A. 344 (1937)). It cannot be said that Reliance waived, expressly or impliedly, any of its rights under the policy. In contradistinction, it unequivocally retained them and informed Hawley that it was so doing. See, e.g., Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Exhibits "B", "C", "G", "H".

■ Hawley next asserts that conduct of Reliance may be classified as an unfair claim settlement practice prohibited by

Conn.Gen.Stat. Sec. 38–61(6)(e) (West Supp. 1985).[2] This claim is likewise time barred by the limitation in the insurance policy. In *Zieba* the court had before it a cause of action based on breach of good faith and fair dealing in addition to the breach of contract claim. The present court finds persuasive the reasoning of the *Zieba* court:

> Thus, an insurer that violates its contractual duty to make payments to an insured is also vulnerable to the imposition of additional damages for its tortious handling of the claim. *These are merely two different consequences which may flow from a violation of the same duty imposed upon the insurer by contract. Therefore, the limitation period for suit as set forth in the policy controls. Zieba,* 549 F.Supp. at 1323 (emphasis added).

■ Finally, even if Hawley could assert the theories of estoppel or waiver on these facts it has lost the opportunity through its own laches. Although Reliance denied coverage of the fire loss on July 13, 1983, Hawley did not commence this action until thirteen months later in August of 1984.[3] All limitation periods, whether equitable or legal, serve to promote justice and are based on public policy. They are "... designed to promote justice by preventing surprises through revival of stale claims, to protect defendants and courts from handling matters in which the search for truth may be impaired by loss of evidence, to encourage plaintiffs to use reasonable and proper diligence in enforcing their rights, and to prevent fraud." *Zieba*, 549 F.Supp. at 1321 (citations omitted). Hawley has thus rested on its rights, not once, but twice.[4]

---

**2.** Conn.Gen.Stat.Ann. Section 38–61(6)(e) (West Supp.1985) provides in relevant part: "Unfair claim settlement practices ... failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed...."

**3.** This is to be compared with the time it took the plaintiff in *Maher* to file suit. In that case plaintiff filed exactly one day beyond the limitation period. See *Maher*, 40 Conn.Sup. at 299–

300, 494 A.2d 631. It is likely that the *Maher* court found this fact persuasive in reaching its decision.

**4.** It should be noted that Citytrust, as first mortgagee of Hawley, filed suit against Reliance on January 27, 1983 "in view of the limitation provision in the policy regarding commencement of suit." Defendant's Memorandum in Support of Motion for Summary Judgment, "Exhibit F", Letter from Citytrust Attorney Hirsch to Re-

Accordingly, the motion for summary judgment is GRANTED.

liance Senior Claims Representative Franz. It would not have been premature or improvident

for Hawley to likewise have protected its claim.