[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CT Page 98
The principles governing the granting or denial of a motion for summary judgment are well known. Basically the court must decide if a material issue of fact exists. Batrick [Batick] v. Seymour, 186 Conn. 632 (1982). The moving party has the burden of showing no such issue exists. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430 (1980). Both counsel have written excellent briefs in attempts to argue their positions on the motion for summary judgment filed by the defendant insurance company.
 I.
The defendant company entered into a contract of fire insurance with the plaintiff. The terms of that contract are governed by and reflect the language of 38a-307 of the general statutes. A fire destroyed the insured premises on May 11, 1987. On June 24, 19?? the plaintiff's proof of loss was received by the company. The defendant company denied the plaintiff's claim on November 16 1989. Suit by the insured was initiated on March 1, 1990.
The language of 38a-307 provides that "no suit or action on this policy for the recovery of any claim shall be sustainable . . . unless commenced within 12-months next after inception of the loss.
It is also true that a cause of action does not accrue for up to 120 days after the loss. The statute provides a proof of loss must be filed within sixty days of the loss and the company has up to sixty days after that date to make an award under the policy.
There is no dispute that the word "loss" in the phrase "inception of the loss" refers to the actual date of the fire. There is also no dispute that suit was initiated here long after the 12-month period from the inception of the loss.
The plaintiff argues that it would do no violence to the statutory language if the "inception of loss" is accepted to be the date of the fire but the statute were to CT Page 99 be tolled until the company actually denies the claim here the denial was in November of 1989 and suit was brought in March of 1990. Clearly, according to this reasoning, this action would not be barred by the statute of limitations.
For this reading of the statutory and policy language which appears to do violence to the actual words used, the plaintiff can and does rely on several cases, the leading one being Peloso v. Hartford Fire Insurance Company,267 A.2d 498 (N.J.). Peloso at page 500 recognizes that the majority of courts, reasoning that the language of the limitation provision is unambiguous, have held that the limitation period should be calculated from the date of the fire. A minority of the courts which Peloso joins hold that the limitation period runs from the time the cause of action accrues, id. at page 501. The reasoning of Peloso and courts that agree with it, cf, Ford Motor Co. v. Lumberman's Mutual Cas. Co., 319 N.W.2d 320, 323 (Mich., 1982) is that there is an incongruity in the statutory language. A defendant insurance company has immunity from suit for at least sixty days, the period of immunity from suit was provided for the insurer's benefit so it could conduct its investigations, but the legislature wanted the insured to have a full 12-months within which to bring suit. It is unclear why all of this would be incongruous unless one assumed the conclusion and declared it so.
It is true that the one-year statute of limitations on these kinds of contracts is much less than what would ordinarily be permitted. But the legislature made this statutory rule for a reason. It was felt that a shorter statute of limitations would cut down fraudulent claims and avoid problems presented by stale memories and lost or discarded evidence that a longer period of limitations necessarily gives rise to in these types of claims. Prudential-LMI Commercial Ins. v. Superior Court et al,798 P.2d 1230, 1236 (Calif., 1990). Zuckerman v. Transamerica Ins. Co., 650 P.2d 441, 445-446 (Ariz., 1982), Fireman's Fund Ins. Co. v. Sand Lake Lodge Inc., 514 P.2d 223, 226
(Alaska, 1973).
Peloso creates the odd result that companies will be denied the protections the 12-month statute of limitations was meant to give them against stale or fraudulent claims CT Page 100 because they engage in that very investigative activity which the statute permits them to ferret out fraudulent claims. The real logic of Peloso and its progeny would more fairly lead to a result that gave a 120-day extension to the 12-month period of limitation. Some courts have apparently flirted with what might be called a 16-month rule, cf. Nicholson v. Nationwide Mutual Fire Ins Co.,517 F. Sup. 1046, 1051 (1981). But this judicial creativity does such violence to the limitations language of the statute that courts adopting the Peloso view toll the time for bringing the suit until denial of the claim by the insurer. But this can extend the time for filing suit months or years from the "loss" which was clearly the evil the 12-month limitation was enacted to prevent.
The court accepts the reasoning of those courts which hold the 12-month limitation runs from the date of the loss and do not accept the tolling position of Peloso, Meadows v. Employer's Fire Ins. Co., 298 S.E.2d 874 (W.Va., 1982), Kelley v. Travelers Ins. Co., 458 N.E.2d 406 (Oh., 1983), Closser v. Penn Mutual Fire Ins Co., 457 A.2d 1081 (Del., 1983), also see cases cited by Peloso court at 267 A.2d page 500. As the Peloso court notes and other courts that have dealt with this problem indicate, the statutory provisions we have been discussing and which are now embodied in 38a-307
are modeled on the language of a 1943 New York standard policy which as of the date of the Peloso decision had been adopted by 46 states.
The New York Court of Appeals reviewing its statute in effect rejected the Peloso position saying it violated the clear language of the statute and the legislative intent, Proc v. Home Insurance Co., 270 N.Y.S.2d 412, 414-415 (1966)
 . . . by virtue of the time limitation clause, the insured must institute suit within 12 months after "inception of the loss" Thus, the important question posed by this appeal — which we recently considered without, however, discussing it . . . is whether the words quoted refer to the occurrence of the peril insured against or the accrual of the cause of action.
 Many years ago, before there was the statutory standard fire policy, a similar problem CT Page 101 of construction arose over an insurance provision that suit must be brought within a specified time "after the loss or damage shall have occurred."
 The court held that the period of limitations was to be computed from the time the cause of action accrued rather than from the occurrence of the event insured against. . . . It was expressly noted, however, that an insurer might provide, if it did so clearly, that "the time of the fire should be looked to as the event, from the happening of which the limitation should run."
 . . . Thereafter, and following legislative authorization (in 1887 and again in 1918), a standard fire policy was adopted which provided that an action on the policy had to be commenced "within twelve months next after the fire". . . .
 This clause was, of course, interpreted to mean that the period of limitations ran from the date of the fire, in consequence of which the insured was compelled to satisfy all conditions precedent as well as institute suit within the same 12-month period. . . .
 With the expansion of insurance coverage to include risks in addition to fire — for instance, "theft," "lightening," windstorm" to mention a few — it became necessary, in order to have the one-year limitation apply to such other risks, . . . that the language of the provision be broadened. Accordingly, the Legislature in 1943 enacted a standard policy in which the words "after the fire" were replaced by the words "after inception of the loss" (L. 1943, ch. 671, 1, amdg. Insurance Law, 168; see, also, L. 1942, ch. 900, 1; italics supplied), an unmistakable indication that the period of limitations encompassed every casualty insured against, including fire, and that, even though a cause of action could not accrue until some later time, the 12 months were to be measured as they had previously been in the case of fire alone, from the occurrence of the destructive event. . . .
The court went on to reject the Peloso tolling argument saying it "disregards the plain meaning of the CT Page 102 policy language (and) ignores both its history and the intention of those who wrote it," id. at page 415.
This court feels compelled to adopt the reasoning of Proc v. Home Insurance Co. If, upon review, the legislature believes the 12-month period is too short, it can do so as several states have done by a flat time extension or by explicitly adopting the tolling language of Peloso, see N.Y. Ins. Law 168, McKinney Supp. 1982-83), Ill. Rev. Stat. ch 73 755.1, Mass. Ann Laws ch 175, 22, Me Rev Stat Ann Tit 23-A 2433.
There is a further reason for the court to conclude this action was brought after the appropriate period of statutory limitation. The rather ancient case of Chambers et al v. The Atlas Insurance Co., 51 Conn. 17 (1883) interpreted policy language very similar to but obviously predating any regulatory statute. The court explicitly held the 12-month limitation period must run from the date of loss, the fire, not from the date that any cause of action might accrue. The policy contained language saying payment of loss shall be due from the company sixty days after proof of loss is submitted by the insured. The fact that here the language of the policy is dictated by statute doesn't give a trial court the right to ignore the holding of Chambers.[1][2]
 II.
But the plaintiff may still claim that the defendant company is estopped from raising the 12 month limitation defense. As noted in Proc v. Home Insurance Co. at page 416:
 If conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with the conditions precedent (bringing suit within twelve months of loss), injustice is avoided and adequate relief assured without doing violence to the plain language used by the legislature, by resort to traditional principles of waiver and estoppel.
Also see Meadows v. Employers' Fire Ins Co., 298 So.2d 874, 878 (W.Va. 1982), Closser v. Pernn Mutual Fire CT Page 103 Insurance Co., 457 A.2d 1081, 10866 (Del. 1983). The defendant is no doubt correct in arguing that the question of estoppel can be a question of law and entitle the insurer to summary judgment if uncontested facts and necessary conclusions therefrom require the court to so act, Giles et al v. Nationwide Mutual Fire Insurance Co.,405 S.E.2d 112 (Ga., 1991). It is also true that if the court holds the 12-month period runs from the loss and not from the denial of the claim any alleged acts of estoppel or waiver must be found within the 12-month period from the date of loss, cf Hanover Ins Co v. Firemen's Fund Ins. Co.,217 Conn. 340, 350 (1991).
In this case the company as is its right wanted to conduct an examination under oath of the plaintiff Boyce. A January 18, 1988 letter, within the period of limitation on this action, was written by representatives of the company to counsel for the plaintiff. It referred to telephone conversations wherein the plaintiff's attorney told defense counsel that the examination couldn't be attended while those charges were pending. The letter goes on to say, "When Mr. Boyce is able to so attend I expect that you will notify the undersigned as soon as possible so that the examination can proceed." Arson charges can take months to prosecute, without knowing the date of the arrest or the nature of the referred to conversations this court can't hold as a matter of law that the estoppel claim is without merit. It is interesting to note that as far as the court can tell the first time the defendant raised the failure to bring suit within one year from loss was in a letter to defense counsel dated November 16, 1989, two and a half years after the fire. That letter refers to other reasons for denying the claim which for all the court knows were known to the company well before November, 1989 and perhaps as early as January of 1988. Again, the court can't say as a matter of law that there is no basis to conclude that the plaintiff was not lulled into a false sense of security as regards the 12-month limitation claim. Also see the affidavit of John Gale where he states at no time prior to denial of the claim did the defendant disclose the plaintiff the results of the fire investigation requested in September of 1987. The plaintiff may have a difficult time prevailing on the estoppel claim but it is not the court's function to CT Page 104 prevent the claim from being asserted if it can be arguably done so.
The motion for summary judgment is denied.
Calvocoressi Gale for plaintiff.
Skelley, Vinkels Rottner for defendant.